UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X
RAUL CRIOLLO, individually and on behalf of all others
similarly situated,

                                      Plaintiff,

                         -against-

SPAIN 92, INC., SERGIO SEIJAS, and MANOLO [LAST
NAME UNKNOWN],

                                     Defendants.
------------------------------------------------------------------------X

Civil Action No.

COMPLAINT

Plaintiff Raul Criollo ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, complaining of the defendants, Spain 92, Inc. ("Spain 92"), Sergio Seijas, and Manolo [last name unknown] (collectively, "Defendants"), respectfully alleges as follows:

## I. Nature of Action, Jurisdiction, and Venue

1.    This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (the "FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56(a) *et seq*., and the New Jersey Wage Payment Act, N.J.S.A. 34:11-4.1, *et seq.* (the "NJWPA").

2.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3.    This Court has supplemental jurisdiction over the claims arising under the New Jersey Wage and Hour Law, and the New Jersey Wage Payment Act, pursuant to 28 U.S.C. § 1367, in that the state law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

5.      Prior to commencement of this action, the parties entered into a series of tolling agreements, the most recent of which, dated July 11, 2019, tolled Plaintiff's claims until September 1, 2019.

## II. Parties

6.      Plaintiff Criollo is an individual residing in Ecuador, who resided in the state of New Jersey during the relevant time period.

7.      At all relevant times, Plaintiff was employed by Defendants as defined by 29 U.S.C. § 203(e), N.J.S.A. 34:11-56a1(h), N.J.S.A. 34:11-4.1(b), and N.J.S.A. 34:19-2.

8.      Defendant Spain 92 is a domestic corporation with its principal place of business located at 1116 U.S. Highway 202, Raritan, New Jersey 08869.

9.      Spain 92 is a restaurant that serves Spanish cuisine.

10.     Defendants Seijas and Manolo are individuals residing, upon information and belief, in the state of New Jersey.

11.     At all relevant times, Seijas and Manolo were, and still are, officers, directors, shareholders and/or persons in control of Spain 92 who exercised significant control over the company's operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

12.     Upon information and belief, at all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

13.     Upon information and belief, at all relevant times, Defendants had the power to discipline and terminate Plaintiff.

14.     Upon information and belief, at all relevant times, Defendants were responsible for compensating Plaintiff.

15.     Defendants are joint employers who jointly managed, supervised, hired, fired, and controlled Plaintiff's compensation, and are jointly and severally liable in this matter.

16.     Upon information and belief, Defendants' revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

17.     Defendants operate in interstate commerce.

18.     All Defendants are subject to suit under the statutes alleged above.

### III. FLSA and NJWPA Collective Action Allegations

19.     The First Cause of Action in this Complaint, which arises out of the FLSA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date three (3) years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

20.     The Second and Third Causes of Action in this Complaint, which arise out of the NJWPA, is brought by Plaintiff on behalf of himself and similarly situated persons who were employed since the date six (6) years prior to the filing of this Complaint and who elect to opt-in to this action (the "NJWPA Collective Plaintiffs").

21.     The FLSA and NJWPA Collective Plaintiffs (collectively, the "Collective Plaintiffs") consist of no less than fifteen (15) similarly situated employees employed by

Defendants, who work or worked in excess of forty (40) hours per week and are victims of Defendants' common policies and practices that have violated their rights under the FLSA and NJWPA by, *inter alia*, willfully denying them overtime wages.

22.     As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA and the NJWPA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rates for all time worked in excess of forty (40) hours per week.

23.     Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

24.     Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the Collective Plaintiffs.

25.     The Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b) and N.J.S.A. 34:11-4.1.

## IV. Factual Allegations

26.     Plaintiff was employed by Defendants as a cook from in or around 2011 until on or around February 3, 2019.

27.     Plaintiff's principal responsibilities as a cook included helping the chef prepare food, chopping vegetables, maintaining inventory of food items, placing orders for food items, working alongside other cooks employed by Defendants, and cleaning his work area.

28.    Neither Plaintiff's nor the Collective Plaintiffs' job duties involved creating Defendants' food menu; rather, Plaintiff and the Collective Plaintiffs merely prepared foods items and performed other manual tasks in the kitchen and the restaurant.

29.    Neither Plaintiff nor the Collective Plaintiffs had the authority to hire, fire, or discipline employees, nor did they make suggestions or recommendations as to the hiring, firing, or other terms and conditions of the employment of other employees.

30.    Neither Plaintiff nor the Collective Plaintiffs supervised any employees, nor were they employed in an executive, professional, administrative, or outside sales capacity.

31.    As a result, Plaintiff and the Collective Plaintiffs were non-exempt employees under the FLSA and the New Jersey Wage and Hour Law.

32.    Throughout his employment, Plaintiff regularly worked six (6) days per week, as follows: Tuesdays through Thursdays from 11:00 a.m. until 9:00 p.m., with a two (2) hour rest break from 2:00 p.m. until 4:00 p.m.; Fridays from 11:00 a.m. until 10:00 p.m., with a two (2) hour rest break from 2:00 p.m. until 4:00 p.m.; Saturdays from 12:00 p.m. until 10:00 p.m., with no rest break; and Sundays from 12:00 p.m. to 9:00 p.m., with no rest break.

33.    Based on this schedule, Plaintiff regularly worked an average of approximately fifty-two (52) hours per week during his employment with Defendants.

34.    However, at least seven (7) times per month, Plaintiff was not afforded any breaks throughout the workday.

35.    As a result, Plaintiff worked an average of approximately fifty-four (54) hours per week throughout his employment with Defendants.

36.    Throughout his employment, Plaintiff was compensated at a fixed weekly salary, regardless of the number of hours that he worked each week.

37.     When Plaintiff's employment began at Spain 92 in or around 2011, he was compensated at a rate of $790.69 per week.

38.     Since that time, Plaintiff's weekly pay increased yearly by approximately $25.00 until it reached $915.69 in or around January 2019.

39.     Defendants alternated Plaintiff's payment method, at times paying him his earnings by cash, without withholdings for federal, state and local taxes, and at other times by check, with withholdings for federal, state and local taxes.

40.     Defendants did not track or otherwise record the hours Plaintiff and the Collective Plaintiffs worked.

41.     Plaintiff and the Collective Plaintiffs regularly worked more than forty (40) hours per week during their employment with Defendants.

42.     However, Defendants failed to compensate Plaintiff and the Collective Plaintiffs at their proper overtime rates of one and one-half (1.5) times their regular hourly rate or the statutory minimum wage, whichever is higher, for every hour worked in excess of forty (40) hours per week.

43.     Defendants knew or should have known that their failure to pay Plaintiff and the Collective Plaintiffs overtime compensation was a violation of the FLSA and NJWPA and/or Defendants acted in reckless disregard of the federal and state wage and hour laws.

44.     Defendants' refusal to pay Plaintiff and Collective Plaintiffs all wages owed to them is an intentional and willful violation of federal and state wage and hour laws.

### AS AND FOR A FIRST CAUSE OF ACTION, INDIVIDUALLY, AND ON BEHALF OF THE FLSA COLLECTIVE PLAINTIFFS
*(Overtime Violations under the FLSA)*

45.     Plaintiff, individually and on behalf of the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

6

46.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

47.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

48.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular hourly rates of pay for each hour worked in excess of forty (40) hours in a week.

49.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

50.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

51.     Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION, INDIVIDUALLY, AND ON BEHALF OF THE NJWPA COLLECTIVE PLAINTIFFS**
*(Overtime Violations under the New Jersey Wage and Hour Law)*

52.     Plaintiff, individually and on behalf and the NJWPA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

53.     Pursuant to the applicable provisions of N.J.S.A. 34:11-56a(4), Plaintiff and the NJWPA Collective Plaintiffs were entitled to overtime wages of one and one-half (1.5) times their regular hourly rate for all hours worked in excess of forty (40) per week.

54.     Plaintiff and the NJWPA Collective Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

55.     However, Defendants knowingly failed to pay Plaintiff and the NJWPA Collective Plaintiffs overtime wages of one and one-half (1.5) times their regular rate of pay for each hour worked in excess of forty (40) in a week.

56.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the NJWPA Collective Plaintiffs the required overtime wages, Plaintiff and the NJWPA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with reasonable attorneys' fees, and costs.

57.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and NJWPA Collective Plaintiffs are entitled to liquidated damages in an amount equal to no more than 200 percent of unpaid wages.

45.     Judgment should be entered in favor of Plaintiff and the NJWPA Collective Plaintiffs and against Defendants on the Second Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION, INDIVIDUALLY, AND ON BEHALF OF THE NJWPA COLLECTIVE PLAINTIFFS
*(Failure to Timely Pay Wages in Violation of New Jersey Wage Payment Law)*

58.     Plaintiff, individually and on behalf of the NJWPA Collective Plaintiffs, repeats and realleges all prior allegations.

59.     At all relevant times, Defendants failed to pay Plaintiff and the NJWPA Collective Plaintiffs the full amount of wages due to them, including overtime wages, at least twice during each calendar month, on regular paydays designated in advance, in violation of N.J.S.A. 34:11-4.2.

60.     Defendants also failed to pay Plaintiff and the NJWPA Collective Plaintiffs all wages due to them, including overtime wages, not later than the regular payday for the pay period in which they were terminated, in violation of N.J.S.A. 34:11-4.3.

61.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the NJWPA Collective Plaintiffs all wages due in a timely manner, Plaintiff and the NJWPA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all unpaid wages, along with interest and costs.

62.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and NJWPA Collective Plaintiffs are entitled to liquidated damages in an amount equal to no more than 200 percent of unpaid wages.

63.     Judgment should be entered in favor of Plaintiff and the NJWPA Collective Plaintiffs and against Defendants on the Third Cause of Action in the amount of their respective unpaid wages, liquidated damages, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a)  on the First Cause of Action on behalf of Plaintiff and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

a) on the Second Cause of Action for all overtime wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Third Cause of Action for unpaid wages due to Plaintiff, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) interest;

d) costs and disbursements; and

e) such other and further relief as is just and proper.

Dated: New York, New York
September 19, 2019

*/s/ Nicole Grunfeld*
Nicole Grunfeld
Katz Melinger PLLC
280 Madison Avenue, Suite 600
New York, New York 10016
t: (212) 460-0047
f: (212) 428-6811
ndgrunfeld@katzmelinger.com
*Attorneys for Plaintiff and*
*Collective Plaintiffs*